An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF SUSANA
REYES, BAR NO. 3577.

No. 61786

**FILED**

FEB 22 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER REINSTATING ATTORNEY TO ACTIVE STATUS

This is a review of a recommendation by a hearing panel of the Southern Nevada Disciplinary Board regarding a petition by attorney Susana Reyes for reinstatement from disability inactive status under SCR 117. In February 2003, this court transferred Reyes to disability inactive status.[1] See In re: Disability of Reyes, Docket No. 40816 (Order of Transfer to Disability Inactive Status, February 19, 2003). The panel held a hearing and subsequently issued its findings of fact, conclusions of law, and recommendation.

The hearing panel found that Reyes demonstrated by clear

---

[1]SCR 117 has been amended since Reyes was transferred to disability inactive status. In the Matter of Amendments to Procedural Rules Governing Professional Misconduct, ADKT No. 392 (Order Amending Nevada Supreme Court Rules 98-123, Amending Rules 212-213 and Adopting Rule 102.5, December 29, 2006). The amendments do not change the substance of our analysis; for clarity, the citations in the text are to the current SCR 117.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05625

and convincing evidence that her disability has been removed and that she is fit to resume the practice of law. See SCR 117(4), (5). The hearing panel recommended that Reyes be reinstated to the active practice of law and placed on probation for a period of two years with the following conditions:

(1) If employed as an attorney, Reyes shall work in a structured law office and shall not practice law as a solo practitioner during the period of probation;

(2) Reyes shall enter into a mentoring agreement with a mentor approved by the State Bar, who must submit quarterly reports to bar counsel during the period of probation;

(3) Reyes shall continue to receive psychological counseling from a Nevada-licensed practitioner, who must submit quarterly reports to bar counsel during the period of probation; and

(4) Reyes shall pay all costs of the reinstatement proceedings within 30 days of the date of this order.

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings that Reyes's disability has been removed, and that she is fit to resume the practice of law. See SCR 117(4), (5). We therefore hereby reinstate Reyes to active status and direct that she be on probation for two years and comply with the

conditions set forth above. Further, we direct that any disciplinary proceedings against Reyes may resume. See SCR 117(4).

IT IS SO ORDERED.



_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:  Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
Phil Pattee, Assistant Bar Counsel
Kimberly K. Farmer, Executive Director
Judith Braecklin
Perry Thompson, Admissions Office, U.S. Supreme Court